**Recie J. GIBSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1279S349.

Supreme Court of Indiana.

March 18, 1981.

James P. McCanna, Auburn, for appellant.

Linley E. Pearson, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Gibson was convicted following a trial by jury of robbery, a class B Felony, and received a determinate sentence of twenty years. On appeal appellant claims that the evidence was insufficient to convict, that the court abused its discretion in sentencing him, and that his trial counsel did not furnish effective services during the trial and at the time of sentencing.

The circumstances of this offense are that appellant and a companion entered the Newhall General Store in DeKalb County, Indiana, as Nancy Harter the owner of the store was preparing to close. Appellant held a knife in his hand, pointing it in her ribs, and ordered her to put money into a bag. She did so and the two then left the store, and departed in a car. Shortly thereafter appellant and several others were stopped and arrested by Butler City Police and State Police, and money, a check, and a receipt from the store were recovered from the car.

Appellant Gibson contends that the evidence of his culpability, that is, his having "knowingly" or "intentionally" acted in robbing the store and its owner, was insufficient to warrant conviction. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that

appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

The store owner testified that she smelled alcohol on appellant at the time of the robbery. Defense witnesses testified that appellant, on the day of the robbery, consumed alcohol, smoked marijuana, and was in possession of "T", a form of phencyclidine. Appellant testified that he took fifteen or twenty dollars worth of "T" before the robbery, in addition to drinking alcohol and smoking marijuana. Beer cans and syringes were found in the get-away car. One of the defense witnesses testified that the body keeps going but the mind sometimes blacks out under the influence of alcohol and T. Appellant testified that he could not remember the incidents at the Newhall General Store.

Arrayed against the evidence of drug and alcohol intoxication was the testimony of Mrs. Harter that appellant spoke softly, but distinctly, did not stagger, and did not display signs of being drunk. To her he appeared normal and appeared to know exactly what he was doing. His face was not flushed. Police officers who observed appellant at the time the car in which he was riding was first stopped, and at the police station to which he was taken, within one to two hours after the robbery of the Newhall store, testified that appellant spoke in a normal manner, and did not sway, stumble or fall in walking. In their opinions, appellant did not appear to be under the influence of alcohol or drugs.

■ Applying the governing standard, the trial court concluded that the evidence of intoxication, if believed, was such that it could have created a reasonable doubt in the mind of the jury that appellant entertained the intent to wield the weapon and to steal. *Williams v. State*, (1980) Ind., 402 N.E.2d 954. He therefore gave an instruction to the jury on intoxication. The jury was not bound, however, to believe and credit the evidence of intoxication, and to conclude that the impairment of appellant's mental capacity was so extensive as to render him incapable of forming the requisite

specific intent. The evidence of intoxication was controverted in all respects by the testimony of the victim and the arresting officers, and it is said that under such circumstances whether a mental incapacity existed is a question of fact for the trier of fact. *Shackleford v. State*, (1976) 264 Ind. 698, 349 N.E.2d 150. The testimony of the prosecution witnesses was substantial and probative of the existence of the required mental capacity. From it, the jury was warranted in concluding beyond a reasonable doubt that in spite of his ingestion of alcohol and drugs, appellant knowingly and intentionally threatened the storekeeper with a knife and took the money.

■ The trial court set appellant's sentence at the maximum of twenty years after adjusting it upward from the basic ten years upon consideration of aggravating and mitigating circumstances. Ind. Code § 35–50–2–5 (class B felony sentence). Ind.Code § 35–50–1A–7 (criteria for sentencing). Juxtaposed against aggravating circumstances including multiple misdemeanor convictions including among others, carrying a concealed weapon, assault and battery, malicious trespass, disorderly conduct and resisting arrest for which he had served time; the threat of serious harm to the victim and her child past violations of terms of probation; and others, was the lone mitigating circumstance found by the trial court, namely, that appellant was under a degree of intoxication which was less than the defense but which helped facilitate the commission of the crime.

In addressing appellant and explaining the decision to give the twenty year sentence the trial court at one point stated that "there is nowhere in here a mitigating circumstance that you ever tried to do anything about your problem with alcohol." Appellate counsel attached his affidavit to the motion to correct errors in which he swore that appellant had stated to him during an interview that he was treated in January, 1978, for alcohol and drug problems at the Northeastern Center in Kendallville, Indiana. In ruling upon the motion to correct errors, the trial court stated:

"On at least twenty to twenty-six other occasions he failed to respond affirmatively to correct his problems of alcoholism, at least before the commission of crimes."

It is evident from the court's explanation in ruling on the motion to correct errors that he had not been able to find support for the conclusion that appellant had ever been self-motivated to seek out help in aid of a personally felt desire to curb his use of alcohol and drugs and thus reduce the likelihood that he would act in a manner dangerous to others. Appellant's post-trial affidavit provides no such support either. It goes no further than to evidence that appellant was seen at a clinic in January, 1978. The circumstances of that attendance are not disclosed. The duration and substance of that attendance is not disclosed. Such information is within the knowledge of appellant. The affidavit is conjectural in content. Upon review of this record we find that the sentencing court was not in error in failing to find and evaluate a mitigating circumstance. The trial court's evaluation of aggravating and mitigating circumstances is not subject to the complaint made, and therefore the sentence of twenty years could not be manifestly unreasonable under Rule 2 of the Indiana Rules of Appellate Review of Sentences on the basis posed.

■ Appellant's last claim is that he was denied constitutionally effective assistance of counsel at trial and sentencing. Appellant was faced with overwhelming evidence of guilt. He did, through his counsel prosecute a defense of intoxication; make request for discovery; move for a mistrial and a directed verdict. Appellant contends that trial counsel failed to call a witness from a mental health clinic attended by appellant several months before the crime, for trial or sentencing, to object to cross-examination of defense witnesses by the trial prosecutor concerning prior criminal charges against them, and failed to strike a juror "who was believed" to have been a tenant of the trial prosecutor.

The failure of trial counsel to call a defense witness was considered in this context in *Burns v. State*, (1979) Ind., 387 N.E.2d 442. The implication of appellant's claim is that there exists a "medical expert" at the clinic who could provide testimony relevant to whether appellant had the requisite intent to commit the act and to show that he had attempted to do something about his drinking problem. In *Burns, supra*, the witness was identified by the accused by name and there had been communication between the accused and counsel concerning the precise testimony which the witness might give. Under those circumstances, counsel's representation was not deemed ineffective. Here, the witness was not identified by name, and the content of the omitted witness's testimony is not described. There is no record support for the proposition that defense counsel even knew of such a witness or in the exercise of reasonable care should have known of such a witness. Indeed, when asked at sentencing whether defense counsel had failed to do anything on his behalf, appellant replied, "no, sir." The likelihood of ineffectiveness of counsel is much less here than it was in *Burns, supra*.

We find nothing in the record to support the contention that a juror who was a tenant of the prosecutor may have sat on the jury. No claim of ineffectiveness can be predicated upon this contention.

The trial court expressly found in ruling on the motion to correct errors that defense counsel had chosen as a matter of trial strategy to withhold making lengthy objections to the cross-examination of some defense witnesses, in order not to give the jury the impression that appellant did not want the evidence to be heard. We agree with this assessment.

Based upon the totality of the circumstances we find that the presumption that counsel has discharged his duties fully has not been overcome by the presentation in this case. *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.